IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

LINDA G. MOORE, )
 )
      Plaintiff, )
 )
 )
v. ) No. 3:03-CV-559
 )
STATE OF TENNESSEE, et al., )
 )
      Defendants. )

## MEMORANDUM OPINION

This civil action is before the court for consideration of the motion to dismiss filed by defendant Margaret Hutcheson ("Hutcheson")[1] [doc. 48]. Plaintiffs have filed a response [doc. 55]. The court has determined that oral argument is not necessary, and the motion is ripe for the court's consideration.

Plaintiffs have brought this lawsuit pursuant to 42 U.S.C. §§ 1983, 1985, 1986 for alleged violation of their constitutional rights. For the reasons stated herein, the motion will be granted, and defendant Hutcheson will be dismissed.

---

[1] In the amended complaint, this defendant's name is spelled "Hutcheson." In the motion to dismiss before the court, her name is spelled "Hutchison"; however, there is no indication in the motion that the spelling in the amended complaint is the incorrect. Thus, it is unclear which spelling is correct. The court will use "Hutcheson" as it appears in the amended complaint for the purposes of this opinion.

## I.

*Factual Background*

Briefly, the facts set out in the complaint giving rise to the plaintiffs' claims are as follows. It appears that plaintiff Dewayne Moore and his wife Crystal were having serious marital and legal problems, including burglary charges and charges of domestic violence. Dewayne and his child "Junior" moved in with Dewayne's mother, plaintiff Linda Moore, sometime after the child was born in 2000. In June 2002 in the Roane County Juvenile Court, DCS agents filed a Petition for Temporary Custody of Junior. The Petition, attached to the plaintiffs' original complaint, alleged that Dewayne was psychologically unable to care for his child, even with the support of Linda Moore; that Crystal was unable to care for the child because she continued to stay with Dewayne in violent situations; that Dewayne and Crystal had had their parental rights to their other children terminated; and that there were no suitable relatives to take the child. Thus, Junior was a "dependent and neglected child." The Petition sought an immediate protective custody order placing Junior in the temporary care, custody and control of DCS. The Petition was signed by defendant Connie Crossley as Case Manager for the Anderson County Department of Children's Services and by Patricia D. Murphy, DCS Assistant General Counsel. The Protective Custody Order was entered the next day. In August 2002, an Interim Order was entered finding Junior to be a dependent and neglected child, and it ordered the temporary placement of Junior with DCS pending a final hearing. The Interim Order states that there was evidence

2

that Junior "was about to be taken from the jurisdiction of the Court." The plaintiffs allege that they never received notice of the hearings in June 2002 concerning DCS's Petition, and they question whether the Juvenile Court even had jurisdiction to enter the Order.

Shortly thereafter, Linda Moore and her daughter Rebecca filed a motion to intervene and asked for legal custody of Junior. A hearing on the motion to intervene was set for October 29, 2002, although the plaintiffs allege that a hearing has still not taken place. However, plaintiff Linda Moore says that when she appeared for the hearing October 29th, she was arrested on a charge of "custodial interference" with no bond being set "unless child is turned over." The Affidavit of Complaint, signed by defendant Connie Crossley, states that Linda Moore "has refused to produce the child" to DCS pursuant to the Juvenile Court order awarding custody to DCS. Linda Moore was held in the Roane County jail from October 29, 2002, to August 8, 2003, when she was released on a reduced bond. Junior was seized from Rebecca Moore on August 5, 2003.

The following are the specific allegations against Hutcheson in the amended complaint.

> 142. By the acts and omissions described in Paragraphs 1-99 herein, the Roane County Clerk of Court has violated the civil rights of the parties as follows:
>
> A. Failing to issue the warrant for her arrest for custodial interference in compliance with Tennessee law, instead holding it in her office as a tactic to prevent Ms. Moore from appearing in matters pertaining to custody of Junior without the risk of arrest prior to being allowed to make the appropriate bond arrangements;

3

B. Failing to set Ms. Moore's Petition for Custody for hearing;

C. Knowingly allowing Ms. Moore to be held in the Roane County Jail under conditions violative of the Eighth Amendment's prohibition against cruel and unusual punishment and under "conditional bond" to return a child when there was no finding that Ms. Moore physically had custody of the child at the time, nor any finding that she was interfering with the custody of the child; thus violating Ms. Moore's rights under 42 U.S.C. 1983, conspiring to interfere with her rights in violation of 42 U.S.C. 1985, and failing to prevent the violation of her rights under 42 U.S.C. 1986.

II.

*Standard of Review*

The motion before the court is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U. S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "To survive a motion to dismiss under Rule 12(b)(6), '"a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

4

When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990)). The court does not have to accept as true legal conclusions or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

III.

*Analysis*

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 101 L. Ed. 2d 40 (1988)).

5

A. Individual Capacity Suit [2]

Plaintiffs allege that Hutcheson is "the Clerk of Court for the Juvenile Court for Roane County, Tennessee." Hutcheson's supporting memorandum states that she is a Deputy Clerk in the Circuit Court of Roane County. Either way, Hutcheson is a court clerk, and the court's analysis will be based on that fact. Hutcheson argues that as a court officer, she is entitled to absolute quasi-judicial immunity because the claims against her arise out of her performance of official duties. Plaintiffs contend that Hutcheson performed "non-judicial acts" and is therefore not entitled to immunity in her individual capacity.

It is well established that judges are absolutely immune from suits for money damages for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam). "One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) ( citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that court executive who executes court order is entitled to judicial immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (holding that court clerk was entitled to judicial immunity for issuing erroneous warrant on judge's order)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with

---

[2] In the memorandum in support of her motion to dismiss, defendant Hutcheson states, "It is unclear whether this suit is filed against Ms. Hutchison in her official capacity or individual capacity." However, the following appears in the caption of the amended complaint: "MARGARET HUTCHESON, in her official and individual capacities." Accordingly, the court will consider claims brought against defendant Hutcheson in both capacities.

6

the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. A court clerk is immune when the activity he or she performs is integral to the judicial process. *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973); *Foster*, 864 F.2d at 417-18. However, neither judges nor court officers are absolutely immune from suits based on the performance of non-judicial functions. *Id*. at 417.

Therefore, the court must determine whether Hutcheson was performing acts that can be considered judicial in nature. "The Supreme Court has endorsed a 'functional' approach in determining whether an official is entitled to absolute immunity." *Bush*, 38 F.3d at 847 (citing *Forrester v. White*, 484 U.S. 219, 224, 108 S. Ct. 538, 542-43, 98 L. Ed. 2d 555 (1988); *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939, 114 L. Ed. 2d 547 (1991)). When employing this approach, a court considers the nature of the function performed rather than the identity of the person performing it. *Bush*, 38 F.3d at 847 (citations omitted).

Plaintiffs allege that Hutcheson failed to issue the warrant for Linda Moore's arrest. Initially, the court notes that "[t]here is no constitutional right to be arrested." *Hoffa v. United States*, 385 U.S. 293, 310, 87 S. Ct. 408, 417, 17 L. Ed. 2d 374 (1966); *accord United States v. Alred*, 513 F.2d 330, 333 (6th Cir. 1975). Thus, paragraph 142(A) of the amended complaint does not state a claim for the violation of a constitutional right. In any event, even if it did state a violation, Hutcheson would be entitled to absolute quasi-judicial immunity. For the purposes of this discussion, the court considers the failure to issue an arrest warrant equivalent to the issuance of an arrest warrant. The issuance of an arrest

7

warrant is a "truly judicial act." Because it is, a court clerk is entitled to absolute immunity from a lawsuit connected with the issuance of a warrant. *Foster*, 864 F.2d at 418. Thus, Hutcheson is entitled to absolute immunity for the alleged failure to issue the arrest warrant against Linda Moore.

Plaintiffs next allege that Hutcheson violated Linda Moore's constitutional rights by failing to set Moore's custody petition for a hearing. In the court's opinion, this allegation is based on nothing more than negligence. Simple negligence does not impose liability under § 1983. *McKenna v. City of Memphis*, 785 F.2d 560, 562 (6th Cir. 1986). However, even if in the context of the amended complaint the allegations raise a constitutional claim, Hutcheson would be entitled to absolute quasi-judicial immunity. This allegation "relates to an act performed by the Clerk within the scope of h[er] official quasi-judicial duties." As such, Hutcheson is entitled to absolute immunity.

Plaintiffs further allege that Hutcheson allowed Linda Moore to be held in the Roane County jail under conditions that violate the Eighth Amendment and under a "conditional bond." These allegations do not state a constitutional claim against this defendant. Absent a showing that Hutcheson, as a court clerk, had any authority or control over the conditions of the Roane County jail or that she had any authority to set Moore's bond, these allegations cannot stand against her.

8

Finally, plaintiffs allege that Hutcheson conspired to violate plaintiff Linda Moore's rights in violation of 42 U.S.C. § 1985 and failed to prevent violation of her rights under 42 U.S.C.§1986. In order to maintain a claim under §1985, a plaintiff must demonstrate that the defendants

> (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999)(citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971)); *see also, Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Section 1986 imposes liability on persons who have knowledge of wrongs prohibited by §1985 but fail to prevent them. *Sequin v. City of Sterling Heights,* 968 F.2d 584 (6th Cir. 1992). "Without a violation of section 1985(3), there can be no violation of section 1986." *Id.* at 590. If a plaintiff fails to state a claim under § 1985, no cause of action exists under § 1986. *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990).

There is no allegation that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." Therefore, a vital component to the conspiracy claims is missing, and they cannot stand.

9

## B. Official Capacity Suit

Hutcheson argues that a suit against her in her official capacity is a suit against Roane County and plaintiffs have not stated a claim against the County. Hutcheson contends that the amended complaint does not identify a policy or custom attributable to the County that was the proximate cause of the violation of plaintiffs' constitutional rights. In their response, plaintiffs state, "Defendant does not appear to argue that Ms. Hutcheson's employer, Roane County, has immunity under the Eleventh Amendment or any other theory. Roane County is not an arm of the state."

"[A]ctions against parties in their official capacities are, essentially, actions against the entities for which the officers are agents." *Littlejohn v. Rose*, 768 F.2d 765, 772 (6th Cir. 1985) (citations omitted). Such suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2036, n.55, 56 L. Ed. 2d 611 (1978). Thus, a suit against Hutcheson in her official capacity is a suit against Roane County.

However, plaintiffs have not stated a claim against Hutcheson in her official capacity and therefore against Roane County. In order to hold a municipal defendant liable for constitutional violations under 42 U.S.C. § 1983, a plaintiff must establish that a government policy or custom was the cause of his or her injuries. *See Id.* at 690-91, 98 S. Ct. at 2035-36. In order for liability under § 1983 to attach to a municipal defendant, the alleged government policy or custom must be so widespread that it has the force of law. *Doe*

Case 3:03-cv-00559   Document 60   Filed 07/18/05   Page 10 of 11   PageID #: 181

*v. Claiborne County*, 103 F.3d 495, 507-08 (6th Cir. 1996). No policy or custom has been pled in this case. Therefore, no claim against Hutcheson in her official capacity, i.e., Roane County, has been stated.

IV.

*Conclusion*

For the reasons stated herein, the motion to dismiss filed by defendant Margaret Hutcheson will be granted, and she will be dismissed from this case. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge