IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |  |
|---|---|---|
| LINDA G. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-cv-559 |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the court on the motion in limine filed by defendant Fay Hall [doc. 107]. The plaintiff has responded [doc. 109], and the motion is ripe for the court's consideration.

First, the defendant seeks to exclude the testimony of Becky Moore, Sharon Bryant, and Miriam Tedder. As to Becky Moore and Sharon Bryant, the defendant says that these witnesses were not disclosed as required by Rule 26, and she has not had the opportunity to depose these witnesses. She says that she received the names, addresses and phone numbers of these witnesses on May 2, 2006.

### Becky Moore

Becky Moore is the plaintiff's daughter. The plaintiff says that she intended to call this witness only as a rebuttal witness and, thus, had no duty to disclose this witness under Rule 26(a)(1). However, in the last month, the plaintiff says that she has become less able due to some physical problems and her memory is less sharp. She says that she may need to call Becky to testify about the time line of the events concerning the plaintiff's incarceration. The plaintiff also points out that Becky attended several of the depositions with her mother without objection by the defendant, and the defendant has sought only one deposition, that of the plaintiff. The plaintiff argues that the defendant would not be prejudiced if Becky is needed in her case-in-chief.

The court finds that the plaintiff has presented sufficient justification for not revealing this witness in her initial disclosures and that the defendant was well aware of this witness. The court finds that the defendant had ample time before the close of discovery to schedule her deposition after the plaintiff listed Becky Moore as a witness. Therefore, the defendant's motion in limine concerning the testimony of Becky Moore is **DENIED**.

### Sharon Bryant

Dr. Sharon Bryant is the plaintiff's psychologist, who evidently saw and treated the plaintiff while she was in the Roane County jail. Dr. Bryant is expected to testify as a rebuttal witness concerning whether the plaintiff was a suicide risk.

There is nothing in the record to indicate that the defendant made any effort to schedule a deposition of this witness before the deadline for the completion of discovery. The court finds that the defendant was well aware of this witness in time to prepare for trial, and the defendant's motion in limine concerning Sharon Bryant is **DENIED**.

### Miriam Tedder

Dr. Miriam Tedder is the plaintiff's treating physician. The defendant says that her testimony should be excluded because, although she was listed as an expert witness, the plaintiff has not supplied Dr. Tedder's summary report, qualifications, compensation, publications, and cases when she testified. Dr. Tedder, however, is a fact witness. The court finds that Dr. Tedder is the plaintiff's treating physician and may testify as to the plaintiff's mental and physical health while the plaintiff was incarcerated. Further, the court will allow Dr. Tedder to testify about the effect of the conditions of the Roane County jail on her patient both while incarcerated and subsequent to the plaintiff's release. The defendant's motion to exclude Dr. Tedder's testimony is **DENIED**.

Second, the defendant seeks to exclude the deposition testimony of Dr. Thomas Boduch under Rule 32 of the Federal Rules of Civil Procedure.[1] The plaintiff says that she has personally served a subpoena to appear at trial and give

---

[1] The court notes that Dr. Boduch is a contract physician for the Roane County jail.

testimony on Dr. Boduch, but he has informed the plaintiff that he has no intention of honoring the subpoena. Thus, plaintiff reserves the right to use his deposition testimony in the event Dr. Boduch does not appear at trial. The court has not received any filing on behalf of Dr. Boduch seeking relief from appearing and giving testimony; thus, the court will assume that he will obey the subpoena, appear, and give testimony. If he should not appear without prior approval from the court, the plaintiff will be allowed to use his deposition testimony at trial. The defendant's motion concerning Dr. Boduch is **TAKEN UNDER ADVISEMENT**.

Third, the defendant seeks to exclude, as hearsay, all of Dr. Tedder's medical records concerning the plaintiff and the plaintiff's medical records from the Roane County Medical Center, laboratory reports, and any other doctors' records concerning a plan of care for the plaintiff. In response, the plaintiff says that the records to which the defendant objects are all relevant.

The court expects, as it does in all cases, that the parties will enter into a stipulation of authenticity of relevant medical records of parties. Dr. Tedder's records are her own, and she will presumably be available to testify about her records. In any event, records from the Roane County Medical Center, for example, once authenticated, are admissible under Rule 803((6). Thus, once the records are authenticated by stipulation, the records are admissible. The defendant's motion to exclude the plaintiff's medical records is **DENIED**.

Fourth, the defendant seeks to exclude the affidavits of the plaintiff and Dr. Tedder submitted with the plaintiff's response to the motion for summary judgment. The defendant's motion to prevent the plaintiff from using these affidavits is **GRANTED**. If the defendant, however, uses the affidavits to impeach these witnesses, then other statements in the affidavits may be admissible.

Finally, the defendant seeks to exclude receipts for the plaintiff's medical expenses incurred while she was incarcerated in the Roane County jail as being irrelevant. The plaintiff, on the other hand, argues that the receipts are relevant and records kept in the jail's ordinary course of business. The records demonstrate the level of care the plaintiff received as well as the care she should have and did not receive. The court finds that the records are relevant and admissible. The defendant's motion to exclude these records is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

*s/ Leon Jordan*
United States District Judge