IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LINDA G. MOORE, )
)
    Plaintiff, )
)
v. ) No. 3:03-cv-559
)
STATE OF TENNESSEE, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

    This civil action is before the court on the motion filed by defendant Fay Hall asking the court to reconsider its prior ruling on her motion in limine [doc. 115]. The court has considered the arguments made by the defendant and declines to grant her motion in limine as to Becky Moore, Dr. Sharon Bryant, or Dr. Miriam Tedder.

    First, the defendant asks the court to reconsider its decision that Becky Moore may testify in the plaintiff's case-in-chief. They argue that she would have nothing to add to the plaintiff's case. This is not the test. If the plaintiff seeks testimony from this witness that is inadmissible, objection at trial is the appropriate response. If, as the defendant claims, Becky Moore never visited her mother in jail or talked with her there, then her testimony would necessarily be limited to what she knows about her mother before and after she was in jail. Based on the averments in the defendant's motion, the defendant was aware of this witness as of March 29,

2006, when she attended the deposition of Dr. Boduch, and the defendant never attempted to depose this witness with or without leave of court after she was apprised of the plaintiff's intent to use this witness. The court will allow Becky Moore to testify in the plaintiff's case-in-chief.

As to witness Dr. Sharon Bryant, the court will allow her testify for the same reasons. The defendant knew that Dr. Bryant was one of the plaintiff's treating doctors when the plaintiff was in jail. In fact, she treated the plaintiff on more than one occasion during that time. Like Becky Moore, the defendant never attempted to depose this witness after the plaintiff filed her witness list. Further, as the plaintiff's treating psychologist, Dr. Bryant will be allowed to testify concerning her opinions related to the plaintiff's state-of-mind, including whether the plaintiff was a suicide risk.

Finally, as to Dr. Miriam Tedder, as the plaintiff's treating physician, she will be allowed to testify about her treatment of the plaintiff, before, during and after the plaintiff's incarceration. She may also state her opinions concerning the causes of the plaintiff's health problems, as well as her prognosis for the plaintiff's future health.

ENTER:

*s/ Leon Jordan*
United States District Judge