IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LINDA G. MOORE, )
 )
    Plaintiff, )
 )
v. ) No. 3:03-cv-559
 )
STATE OF TENNESSEE, et al., )
 )
    Defendants. )

**MEMORANDUM AND ORDER**

This civil action is before the court on the plaintiff's motion for leave to go forward with claims against Unknown Roane County Sheriff's Deputies [doc. 136]. Counsel for defendant Faye Hall and other of the named defendants has responded [doc. 140], and the motion is ripe for the court's consideration. For the reasons stated below, the motion will be denied.

The original complaint in this case was filed on October 28, 2003, and an amended complaint was filed on July 16, 2004. In both complaints, the plaintiff named numerous defendants, including "Unknown Roane County Sheriff's Deputies." The only identification of these deputies in the complaints was as "corrections officers." All of the named defendants except defendant Faye Hall, sued in her individual capacity, were dismissed by prior orders of the court. Following a

jury trial, a verdict was returned in favor of defendant Faye Hall, and the civil action was dismissed. The plaintiff filed a motion for new trial, which was denied, and a notice of appeal was filed on August 30, 2006. At no time did the plaintiff make any effort to name or serve the unknown sheriff's deputies.

First, this court has no jurisdiction to consider the plaintiff's motion to go forward against the "Unknown Roane County Sheriff's Deputies." Once the plaintiff filed her notice of appeal, this court was deprived of its jurisdiction to act in matters related to the merits of the appeal. *See Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dept. of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal"); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Therefore, for this reason alone, the plaintiff's motion must be denied.

Second, any effort to proceed against the unknown sheriff's deputies at this point would be futile. These unknown defendants were never identified and were never served with process. *See Petty v. County of Franklin, Ohio*, ___ F.3d ___, 2007 WL 487003 at *4 (6th Cir. 2007); *Turner v. City of Taylor*, 412 F.3d 629, 647-51 (6th Cir. 2005). The statute of limitations has run on any claims the plaintiff might have against the unknown deputies even if she is able to identify them, and her failure to serve process on these defendants, in the absence of a showing of

excusable neglect, would require that the claims against them be dismissed. *See* Fed. R. Civ. P. 4(m).

Therefore, it is hereby **ORDERED** that the plaintiff's motion for leave to go forward with claims against the Unknown Roane County Sheriff's Deputies is **DENIED**. It is further **ORDERED** that the motion of attorney Donald Vowell to make a special appearance to argue the motion to go forward [doc. 138] is **DENIED AS MOOT**.

ENTER:

    *s/ Leon Jordan*
United States District Judge